**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL MAXSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.  4:14-CV-1360** |
| | ) | |
| **v.** | ) | **Division No.** |
| | ) | |
| **CALDER BROTHERS CORPORATION** ) | | **JURY TRIAL DEMANDED** |
| Serve:  Natalma M. McKnew | ) | |
| 2 West Washington Street | ) | **CLAIM IN EXCESS OF $75,000.00** |
| Suite 1100 | ) | |
| Greenville, SC 29601 | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Daniel Maxson, by and through his attorneys, and for his cause of action against Calder Brothers Corporation (hereinafter "Defendant"), states as follows:

## PARTIES

1.      Plaintiff Daniel Maxson is now and was at all times herein mentioned a resident of the State of Missouri.

2.      At all times material hereto, Defendant is a corporation in good standing with the capacity to sue and be sued, incorporated in the State of South Carolina, with its principal place of business located in South Carolina.

3.      Defendant is now and was at all times herein engaged in the business of designing, manufacturing, selling and/or distributing asphalt paver machines, including the particular machine bearing model number 1750-C, serial number 437–E–75TJS7Y2– 01437 and specification number P–00113, at issue herein (hereinafter "subject paver machine").

## VENUE AND JURISDICTION

4.      Venue is proper in the Eastern District of Missouri in that the facts giving rise to Plaintiff's cause of action occurred in St. Peters, Missouri.

5.      Plaintiff and Defendant are citizens and residents of different states, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and this Court has jurisdiction pursuant to 28 U.S.C. §1332.

6.      This Court has jurisdiction over Defendant, a non-resident of Missouri, pursuant to Missouri's Long-Arm statute, Mo. Rev. Stat. 506.500.1(1) and (3), in that Defendant has transacted business in Missouri by selling its product in this state and has committed a tort in Missouri.

7.      Further, the exercise of personal jurisdiction over Defendant by this Court comports with the due process clause of the 14th Amendment to the United States Constitution in that Defendant has sufficient minimum contacts with the State of Missouri, Defendant conducts substantial and continuing business in Missouri, Defendant derives substantial economic profits from Missouri, and Defendant sells and/or distributes paver machines within the State of Missouri.

## FACTUAL ALLEGATIONS

8.      On or about December 16, 2009, Plaintiff Maxson's right foot fell into an opening between two metal foot rests on the subject paver machine and was caught in the subject machine's moving hydraulic auger.

9.      As a result, Plaintiff Maxson suffered serious and permanent injuries to his right foot and toes.

2

10.     The subject paver machine was designed, engineered, manufactured, marketed, sold, distributed and placed into the stream of commerce by Defendant, where it reached the consumer in substantially the same condition as when it left the control of Defendant and had not been materially altered, modified or damaged.

11.     The subject machine was defective and unreasonably dangerous at the time of its original design, manufacture, and sale by Defendant because there was insufficient guarding to protect users from getting caught in moving parts.

## COUNT I
### (Strict Liability)

COMES NOW Plaintiff Daniel Maxson, and for his first cause of action against Defendant Calder Brothers Corporation, states as follows:

12.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 11 as though fully set forth herein.

13.     At the time of the design, manufacture, distribution and/or sale of the subject paver machine by Defendant, said machine was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use in the following respects, to wit:

    a.     The subject paver machine was not equipped with adequate safety guards to prevent an operator's body parts from coming into contact with the moving portions of the machine;

    b.     The subject paver machine exposed persons to the risk of becoming entrapped in the moving portions of the machine;

    c.     An emergency stop button was not easily and readily accessible;

3

d.      The subject paver machine was not equipped with an emergency stop which would have activated once an operator's extremities became entrapped;

e.      There was no warning alarm or sound when the hydraulic auger system activated;

f.      The subject paver machine would operate in a manner which would allow activation while an operator's extremities were within close contact of moving parts;

g.      The subject paver machine failed to display adequate warnings of the dangers associated with it;

h.      Such further defects as discovery and the evidence will reveal.

14.     The defective and unreasonably dangerous condition of the subject paver machine existed at the time the machine was designed, manufactured, distributed and/or sold by the Defendant.  At the time of the occurrence, December 16, 2009, the subject paver machine was in substantially the same condition as when designed, manufactured, distributed and/or sold.

15.     The subject paver machine was used on December 16, 2009, in a manner reasonably anticipated, and the use of the subject machine was reasonably foreseeable by Defendant.

16.     The aforementioned defects were the direct and proximate cause of the injuries sustained by Plaintiff on December 16, 2009.

4

17.     Defendant knew or reasonably should have known that death or severe bodily injury was substantially likely to occur as a result of the defective and unreasonably dangerous condition of the subject paver machine as described above.

18.     As a direct result of the defective and unreasonably dangerous condition of the subject paver machine, Plaintiff Daniel Maxson sustained bodily injuries, including but not limited to: contusion, deformity, and laceration of his right foot, amputation of part of his right foot and toes, loss of skin on the back of his right foot, and deep infections in his right foot. Plaintiff has undergone multiple surgical procedures, physical rehabilitation therapy and has been caused to suffer fear, stress, pain and anxiety; he is permanently scarred and disfigured; his abilities to work, labor and enjoy the ordinary pursuits of life have been permanently impaired and diminished.

19.     As a direct result of the defective and unreasonably dangerous condition of the subject paver machine, Plaintiff has been caused to undergo reasonable and necessary medical, surgical and physical therapy care and treatment and has incurred expenses for said treatment and will be caused to undergo additional such treatment in the future and incur the costs associated herewith.

20.     As a direct result of the defective and unreasonably dangerous condition of the subject paver machine, Plaintiff has lost wages and will continue to lose wages in the future.

21.     The conduct of Defendant exhibited a complete indifference to and/or conscious disregard for the safety of Plaintiff and others, and was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

5

WHEREFORE, Plaintiff Daniel Maxson prays for judgment against Defendant Calder Brothers Corporation in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for pre- and post-judgment interest, for punitive damages, for his costs incurred herein and for such other and further relief as the Court deems just under the circumstances.

## COUNT II
### (Negligence)

COMES NOW Plaintiff Daniel Maxson and for his second cause of action against Defendant states as follows:

22.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein.

23.     The aforesaid occurrence and resulting severe injuries and damages sustained by Plaintiff were directly caused or contributed to be caused by the carelessness and negligence of Defendant, in the following respects, to wit:

      a.      Defendant failed and omitted to exercise ordinary care to either manufacture or design the subject paving machine to be reasonably safe;

      b.      Defendant failed and omitted to equip the subject paving machine with adequate safety guards to prevent an operator's extremities from coming into contact with the moving portions of the machine;

      c.      Defendant failed and omitted to make an emergency stop button easily and readily accessible;

      d.      Defendant failed and omitted to equip the subject paving machine with an emergency stop which would have activated once an operator's extremities became entrapped;

e.     Defendant failed and omitted to equip the subject paving machine with a warning alarm that would sound when the rolling system was in operation;

f.     Defendant failed and omitted to ensure that the subject paving machine would not operate in a manner which would allow activation while an operator's extremities were within close contact of moving parts;

g.     Defendant failed and omitted to display adequate warnings of the dangers associated with the subject paving machine; and

h.     Such further careless and negligent acts and omissions as discovery and the evidence will reveal.

24.     At all times relevant herein, Defendant knew or reasonably should have known, by the use of ordinary care, of the above-described dangerous conditions of the subject paving machine and components and that severe bodily injury was substantially likely to occur as a result of its acts and omissions as described above, and, at all relevant times herein, Plaintiff did not know, and by using ordinary care, could not have known, of such dangerous condition.

25.     As a direct result of the negligence of Defendant and the defective and unreasonably dangerous condition of the subject paver machine, Plaintiff Daniel Maxson sustained bodily injuries, including but not limited to: contusion, deformity, and laceration of his right foot, amputation of part of his right foot and toes, loss of skin on the back of his right foot, and deep infections in his right foot. Plaintiff has undergone multiple surgical procedures, physical rehabilitation therapy and has been caused to suffer fear, stress, pain and anxiety; he is permanently scarred and disfigured; his abilities to work, labor and enjoy the ordinary pursuits of life have been permanently impaired and diminished.

26.     As a direct result of the negligence of Defendant and the defective and unreasonably dangerous condition of the subject machine, Plaintiff has been caused to undergo reasonable and necessary medical, surgical and physical therapy care and treatment, has incurred expenses for said treatment and will be caused to undergo additional like treatment and incur expenses for such additional treatment in the future.

27.     As a direct result of the negligence of Defendant and the defective and unreasonably dangerous condition of the subject machine, Plaintiff has lost wages and will continue to lose wages in the future.

28.     The conduct of Defendant exhibited a complete indifference to and/or conscious disregard for the safety of Plaintiff and others, and was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant and deter Defendant, and others, from like conduct in the future.

WHEREFORE, Plaintiff Daniel Maxson prays for judgment against Defendant Calder Brothers Corp. in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), for pre- and post-judgment interest, for punitive damages, for his costs incurred herein and for such other and further relief as the Court deems just under the circumstances.

Respectfully submitted,
**The Simon Law Firm, P.C.**

_____
John G. Simon, #35231
Timothy M. Cronin, #63383
800 Market Street, Suite 1700
St. Louis, Missouri  63101
P:  (314) 241-2929
F:  (314) 241-2020
jsimon@simonlawpc.com
tcronin@simonlawpc.com