UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL MAXSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV01360 AGF |
| ) | |
| CALDER BROTHERS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff in this products liability action is a mechanic who was injured while "troubleshooting" an asphalt paver that was designed, manufactured, and sold by Defendant Calder Brothers Corp. The matter is now before the Court on Plaintiff's motion to exclude all codes and similar materials not made part of the initial expert report of Defendant's engineering expert Gary Hutter, Ph.D. For the reasons set forth below, this motion will be substantially denied, but Plaintiff will be afforded the opportunity to re-depose Hutter, with Defendant bearing the costs and fees of doing so.

**BACKGROUND**

The complaint alleges that on December 16, 2009, Maxson's right foot fell into an opening between two metal foot rests on the subject paver machine and was caught in the machine's moving hydraulic auger. As a result, Plaintiff suffered serious and permanent injuries to his right foot and toes. Plaintiff asserted that the paver was defective and unreasonably dangerous at the time of its original design, manufacture, and sale by Defendant. He seeks damages under theories of strict liability and negligence. The record shows that the accident occurred while Plaintiff was "troubleshooting" the paver to

determine why the hydraulic auger was not operating.  While Plaintiff was manipulating the wiring, a loose or broken wire made a connection and the auger kicked on.  Plaintiff's foot was then caught and sucked into an augur.  (Pl.'s Compl., Doc. No. 28 at 2.)  Defendant filed an affirmative defense of comparative fault.  Trial is set for December 14, 2015.

In Hutter's report dated May 16, 2015, he opined that the accident was not the result of any defective or unreasonably dangerous design of the paver, but rather was the result of Plaintiff's failure to provide maintenance in a manner consistent with reasonable maintenance practices in the industry and required by the Occupational Safety and Health Administration ("OSHA") and the American National Standards Institute ("ANSI").  Hutter stated that in reaching his opinions, he relied on his expertise and the following documents:  the depositions taken in this case, including but not limited to, those of Plaintiff, the two principals of Defendant, Plaintiff's expert Ken Blundell, and Plaintiff's son, and all exhibits to those depositions; photographs of the paver in question and of other pavers; "OSHA and ANSI regulations and industry criteria"; "various interpretations of OSHA and ANSI regulations and criteria"; the Army Corps of Engineers' guide for paving; and "the safety literature."  (Doc. No. 30-1 at 1-5.)

At his video deposition on June 8, 2015, Hutter identified and disclosed for the first time voluminous safety literature and materials that further supported his opinions but that had not been previously disclosed.   Hutter testified the additional materials were the result of his continued research over the weekend prior to the video deposition.  Defendant asserts that it was not aware of these additional materials prior to the deposition.  The materials included, for example, selected pages from an OSHA website, pages from a book

entitled "Industrial Hazard and Safety Handbook" and from various manufacturers' brochures and manuals, letters of interpretation from OSHA concerning lock out/tag out safety procedures, and additional photographs of other pavers. (Doc. No. 30-2.) On June 29, 2015, one day before the deadline for completing expert depositions, and for the filing of motions for summary judgment and *Daubert* motions, Defendant provided Plaintiff with all these materials.

Plaintiff filed the present motion on June 30, 2015, seeking to preclude Hutter from using or discussing at trial these late-disclosed materials as supporting his opinions. Plaintiff argues that Defendant has violated Federal Rule of Civil Procedure 26(a)(2)(B) by not providing the materials along with Hutter's May 16, 2015 report, and that as Plaintiff's counsel was not able to review any of these materials prior to, or during, the depositions, counsel was not able to intelligently question Hutter about them. Thus, Plaintiff argues, permitting Hutter to use or discuss them would be "extremely prejudicial" to Plaintiff. Plaintiff asserts, "It seems the distinct purpose in failing to disclose these materials was to unfairly surprise and prejudice Plaintiff, and prevent Plaintiff's counsel from thoroughly questioning Defendant's expert and challenging his opinions." (Doc. No. 30 at 7.)

Defendant responded on July 13, 2015, submitting with its response a supplemental report by Hutter dated July 9, 2015. This report supplemented the May 16, 2015 report by referring and attaching some of the materials Hutter disclosed during his deposition. Hutter's opinions remained the same. Hutter stated that he believed "many of these items were implicit" in the list of materials set forth in his prior report. Defendant maintains that it did not violate Rule 26(a)(2)(B) because Hutter's report was timely supplemented, and the information that Hutter disclosed in his deposition which was not attached to his

original report "consists of additional information in [the] subject areas" listed in the initial report. (Doc. No. 32 at 1-2). Defendant points out that none of the newly-disclosed materials altered Hutter's opinions in any way. Defendant states that it has no objection to striking from Hutter's opinions any materials not attached to the July 9, 2015 report.

## **DISCUSSION**

The Court believes that Defendant failed to comply with Rule 26(a)(2)(B) by not identifying until Hutter's deposition, materials Hutter relied on in forming his expert opinions, and by not disclosing those materials until after Hutter's deposition. But the record does not support Plaintiff's assertion that the late disclosure was made intentionally as part of an effort unfairly to surprise Plaintiff. Furthermore, the Court does not believe that the only appropriate sanction is the one advocated by Plaintiff, namely, not permitting Hutter the use of the late-disclosed materials at trial. Indeed, Rule 37 contemplates "other appropriate sanctions," including "requiring payment of reasonable expenses, including attorney's fees, caused by the failure" to comply with Rule 26(a). Fed. R. Civ. P. 37(c)(1).

Here the Court believes that the appropriate course of action is to limit any supplemental report to those materials that were both disclosed in the June 29, 2015 supplemental production and also contained in the July 9, 2015 supplemental report. Any materials either not disclosed prior to or as part of the June 29 production or not contained in the supplemental report shall be excluded. Thus, if the supplemental expert report relied on any additional materials not provided as part of the June 29, 2015 disclosure, the report must be amended to delete those additional materials. Further Plaintiff will be permitted the opportunity to re-depose Hutter (in person or by video, at Plaintiff's option), with Defendant bearing Plaintiff's expenses and attorney's fees for doing so.

# CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to exclude is **DENIED**, except with respect to supplemental materials not disclosed as part of the June 29, 2015 production and in Gary Hutter's supplemental report. (Doc. No. 29.)

**IT IS FURTHER ORDERED** that Plaintiff shall notify the Court, within ten days of this Memorandum and Order, whether he wishes to re-depose Gary Hutter. If he does wish to do so, Defendant shall make Hutter available for the new deposition within 28 days of this Memorandum and Order, with Defendant bearing the reasonable costs incurred by Plaintiff in connection therewith.

**IT IS FURTHER ORDERED** that if the parties believe this Order requires modification of the current Case Management Order ("CMO"), the parties must confer in good faith, and within ten days of Plaintiff's above notification, submit a joint proposed modification of the CMO.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2015.