UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL MAXSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV01360 AGF |
| | ) |
| CALDER BROTHERS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff in this products liability action is a mechanic who was injured while "troubleshooting" an asphalt paver that was designed, manufactured, and sold by Defendant Calder Brothers Corp. The matter is now before the Court on Defendant's motion to have the jury view the asphalt paver involved in Plaintiff's injury. (Doc. No. 37.) For the reasons set forth below, this motion shall be granted.

## BACKGROUND

The complaint alleges that on December 16, 2009, Maxson's right foot fell into an opening between two metal foot rests on the subject paver machine and was caught in the machine's moving hydraulic auger. As a result, Plaintiff suffered serious and permanent injuries to his right foot and toes. Plaintiff asserts that the paver was defective and unreasonably dangerous at the time of its original design, manufacture, and sale by Defendants. He seeks damages under theories of strict liability and negligence. The record shows that the accident occurred while Plaintiff was "troubleshooting" the paver to

determine why the hydraulic auger was not operating. While Plaintiff was manipulating the wiring, a loose or broken wire made a connection and the auger kicked on. Plaintiff's foot was then caught and sucked into an augur. (Pl.'s Compl., Doc. No. 28 at 2.) Defendants filed an affirmative defense of comparative fault. Trial is set for December 14, 2015.

Defendant filed its present motion on October 7, 2015, seeking to have the asphalt paver involved in Plaintiff's injury moved to the courthouse, or a location nearby, so that the jury may view the paver at trial for demonstrative purposes. (Doc. No. 37.) Defendant asserts that jurors are not likely to be familiar with what a paver looks like, and that the jurors will better appreciate and understand the evidence in this case if they are able to view the paver firsthand. Plaintiff opposes Defendant's request, asserting that photographs of the paver should be sufficient. Plaintiff further argues that the paver is no longer in the same condition as it was at the time of Plaintiff's injury. Thus, Plaintiff argues that allowing the jury to view the paver would be prejudicial.

## **DISCUSSION**

Plaintiff has alleged that the paver was defective and unreasonably dangerous. In light of the claims and defenses asserted, it is clear that the dimensions and structure of the paver are relevant to the case. Fed. R. Evid. 401, 402. Photographs of the paver may or may not be sufficient to convey the relevant information to the jury, while a viewing of paver itself will undoubtedly do so. Therefore, the paver itself need only be excluded from evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff's sole argument relating to prejudice[1] is that, since the time of the injury, the paver "has been sitting unused in a field, exposed to the elements, rusting and rotting." (Doc. No. 38 at 1.) Therefore, according to Plaintiff, the altered condition of the paver stands to unfairly prejudice the jury. Plaintiff suggests that instead, photographs of the machine could be shown to the jury. Defendant responds that the visual condition of the paver is not relevant, and that the dimensions and layout of the machine, which have not been altered, hold considerable probative value for the jury. Defendant also suggests the photographs of the unit are fairly recent and also show it in a rusted condition.

"Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" *United States v. Myers,* 503 F.3d 676, 681 (8th Cir. 2007) (quoting *Wade v. Haynes,* 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade,* 461 U.S. 30 (1983)). "Generally, the balance of Rule 403 weighing should be struck in favor of admission." *Smith v. Tenet Healthsystem SL, Inc.,* 436 F.3d 879, 885 (8th Cir. 2006).

Here, the Plaintiff has failed to demonstrate that the paver's rusted condition creates a prejudice that outweighs the paver's probative value for the jury. The prejudice forewarned by Plaintiff can be easily addressed by a simple limitation on the jury's consideration, and by reference to the photographs. The parties will be allowed to describe any differences in the paver's appearance to the extent they are material, and the jury will be allowed to view the paver in light of such a description.

---

[1] Plaintiff further asserted that it would needlessly waste a half day of the jury's time to transport them to the paver. In its reply, however, Defendant made plain that it intended to transport the paver to or near the courthouse.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Jury to View Demonstrative Exhibit of the Subject Paver is **GRANTED**. (Doc. No. 37.)

**IT IS FURTHER ORDERED** that the **within ten (10) days of this Order**, Defendant shall submit a document identifying the size and dimensions of the paver and any trailer on which it may be mounted, so that the Court may determine a practical location for the jury to view it during trial.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2015.