UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL MAXSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-1360-AGF |
| | ) |
| CALDER BROTHERS | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Upon review of the record and following the final pretrial conference in this case held on the record on December 9, 2015, and for the reasons stated by the Court thereat, the Court sets forth its rulings on the parties' motions in limine and objections to deposition designations as follows:

**Plaintiff's Motions in Limine** (Doc. No. 68)

1. To exclude evidence or argument concerning Plaintiff's criminal history: **GRANTED**, Defendant having withdrawn any objection.

2. To exclude evidence or argument that Plaintiff failed to mitigate his damages: **GRANTED**, based on Plaintiff's representations that he no longer plans to submit to the jury on past medical bills or present the testimony of Dr. Chad Shelton, and on Defendant's agreement not to present evidence of missed physical therapy appointments. However, the Court will revisit its ruling in the event that Plaintiff's case otherwise opens the door to testimony on mitigation of damages.

3. To exclude evidence of Plaintiff's going AWOL or being dishonorably discharged from the U.S. military: **GRANTED in part**. While Defendant may not elicit testimony that Plaintiff went AWOL or was dishonorably discharged, Defendant may elicit testimony that Plaintiff received mechanical training in the military and that Plaintiff's tour of military duty was not completed.

4. To exclude evidence or argument relating to Plaintiff's relationship history: **GRANTED**, Defendant having withdrawn any objection.

5. To exclude any evidence or argument relating to Plaintiff's financial difficulty: **GRANTED**.

6. To exclude evidence or argument concerning Plaintiff's history of alcohol abuse: **GRANTED**, based on Plaintiff's representations that he no longer plans to submit to the jury on past medical bills or on the testimony of Dr. Chad Shelton.

7. To exclude any evidence or argument concerning Plaintiff's unrelated medical conditions: **DENIED**.

8. To exclude any evidence or argument that violates the collateral source rule or implicates collateral source issues: **GRANTED**, Defendant having withdrawn any objection.

9. To exclude a determination of the value of Plaintiff's medical treatment: **DENIED** as moot, based on Plaintiff's representations that he no longer plans to submit to the jury on past medical bills.

10. To exclude any evidence or argument concerning past claims for workers' compensation filed by Plaintiff: **GRANTED**, Defendant having withdrawn any objection.

11. To exclude any testimony, discussion, statement, argument, or innuendo regarding the non-taxable status of recovery for personal injury claims, settlements, or verdicts: **GRANTED**, Defendant having withdrawn any objection.

12. To exclude any comment, statement, argument, innuendo, or any other reference to the jury system or the trial of this case as a "lottery" system, or any like comparison: **GRANTED**, Defendant having withdrawn any objection.

13. To exclude any argument or reference criticizing, attacking, or ridiculing the tort system or its societal repercussions: **GRANTED**, Defendant having withdrawn any objection.

**Defendant's Motions in Limine** (Doc. Nos. 86, 64, 65, 66, 67, 71)

1. Defendant's General Motions (Doc. No. 86):

    1. To exclude evidence regarding Defendant's insured status: **GRANTED**, Plaintiff having no objection.

2. To exclude evidence of any settlement offers or negotiations between counsel of the parties: **GRANTED**, Plaintiff having no objection.

3. To exclude reference to the fact that defense counsel are not local attorneys: **DENIED** as moot.

4. To limit Plaintiff's expert's testimony to those opinions expressed at depositions or otherwise disclosed: **DENIED** as moot.

5. To exclude evidence or discussion of the money or time spent by the parties in the prosecution or defense of this case: **WITHDRAWN** by Defendant.

6. To exclude reference to any other lawsuit involving Defendant: **GRANTED**, Plaintiff having withdrawn any objection.

7. To exclude reference to or discussion of "sending a message" to Defendant: **WITHDRAWN** by Defendant.

8. To exclude reference to personal beliefs or past experience of counsel: **WITHDRAWN** by Defendant.

9. To exclude reference to pain or mental anguish suffered by Plaintiff's family members: **GRANTED**, Plaintiff having withdrawn any objection.

10. To exclude reference to prior experience of Plaintiff's attorneys with regard to illness or physical injury: **WITHDRAWN** by Defendant.

11. To exclude comment on or reference to the extent of Defendant's compliance with discovery during the course of this lawsuit: **GRANTED**.

12. To exclude comment or argument on Defendant's decision not to call any particular witness: **CONDITIONALLY GRANTED**. Counsel must seek leave of Court before making any such comment or argument.

13. To exclude reference to worker's compensation files, summaries of files, or correspondence regarding any worker's compensation claim involving Plaintiff: **GRANTED**, Plaintiff having withdrawn any objection.

14. To exclude all non-party witnesses from the courtroom prior to the time of their testimony: **DENIED** as moot, the parties having reached agreement regarding any witnesses to be permitted in the courtroom.

15. To exclude all reference to Plaintiff's being on social security disability: **GRANTED**, Plaintiff having no objection.

16. To exclude all references to Plaintiff's inability to pay for medical treatments: **DENIED** as moot.

2. To exclude testimony by Plaintiff's expert witness, Dr. Kenneth Blundell, regarding the design of other pavers in the industry, and in particular regarding whether other pavers in the industry include a "cover" over the augers (Doc. No. 64): **GRANTED**, with the following limitations: Plaintiff may utilize the photograph of a competing paver featuring a cover, introduced during the deposition of Defendant's expert witness, in cross-examination of Defendant's expert and/or cross-examination of Defendant's corporate representative, unless Defendant does not plan to make any argument about the feasibility of such a cover. Plaintiff's expert may not utilize the photograph, or offer any opinion on whether competing pavers include a cover over the auger, in Plaintiff's case-in-chief unless Defendant chooses to take Plaintiff's expert's deposition on the matter prior to trial. Plaintiff's expert may be permitted to utilize the photograph in rebuttal if appropriate.

3. To exclude Defendant's knowledge of prior accidents where mechanics were injured in similar circumstances as Plaintiff (Doc. No. 65): **GRANTED**, Plaintiff having withdrawn any objection pursuant to the understanding that no prior accidents are known to either party.

4. To exclude evidence of future medical expenses, lost income, or medical prognosis (Doc. No. 66): **DENIED** as moot with regard to future medical expenses; **WITHDRAWN** by Defendant with regard to lost income and medical prognosis.

5. To exclude evidence of subsequent remedial measures (Doc. No. 67): **RULING RESERVED** pending the parties' submission of relevant portions of the depositions of Glenn and David Calder, as well as any briefing on whether Federal Rule of Evidence 407's admission of subsequent remedial measures where feasibility is in dispute includes measures undertaken to remedy a defect distinguishable from that alleged by Plaintiff.

6. To exclude testimony regarding OSHA Standards or any alleged violations thereof (Doc. No. 71): **GRANTED**, Plaintiff having no objection.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2015.